CLD-256                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3945
_____

FREDERICK H. BANKS,
                                        Appellant

v.

UNITED STATES PROBATION DEPARTMENT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA;
UNITED STATES DEPARTMENT OF JUSTICE CIVIL LITIGATION UNIT;
MIKE DOYLE, Congressman
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-13-cv-01199)
District Judge:  Honorable Nora Barry Fischer
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 15, 2014
Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: May 23, 2014)
_____

OPINION
_____

PER CURIAM

        Frederick Banks sought a writ of mandamus pro se to compel the United States

Probation Department for the Western District of Pennsylvania ("Probation Department")

to allow him to apply for a grant and loan through the Second Chance Act and the Urban Redevelopment Association. He also asked that the defendants be ordered to personally apologize to him. Banks contended that the defendants breached a contract with him by disallowing his application and failing to pay for unspecified wind and storm damage. He also maintained that he was entitled to damages because he is an American Indian whose rights under the "bad men" provision of the Treaty of Fort Laramie of 1868 and the Northwest Ordinance of 1787 have been violated.

A Magistrate Judge issued a report and recommendation which provided historical background and legal explanation of the Treaty of Fort Laramie and the Northwest Ordinance and concluded that Banks's mandamus petition had to be dismissed for lack of subject matter jurisdiction. Although it appeared that Banks did not state a plausible claim under the "bad men" clause of the Treaty of Fort Laramie, the Magistrate Judge declined to opine on the issue in light of the jurisdictional problem. Noting that jurisdiction for claims for damages exceeding $10,000 based on the Treaty of Fort Laramie is exclusively in the United States Court of Federal Claims, the Magistrate Judge stated that the District Court should dismiss the case without prejudice to Banks's seeking relief in that court. Banks did not file objections.

After reviewing the pleadings and documents, the District Court adopted the Magistrate Judge's report and recommendation as the opinion of the court. However, the District Court stated that it was dismissing Banks's complaint with prejudice. Banks

filed a document which he titled a notice of appeal and a motion for reconsideration. In the document, Banks argued that the District Court improperly dismissed his complaint with prejudice. He stated that the only reason he did not object to the report and recommendation was because the proposed dismissal was without prejudice. He also accused the District Court of engaging the National Security Agency ("NSA") to employ voice-to-skull transmissions to harass him into submitting to the with-prejudice dismissal. He asked that the District Court's order be vacated and his case dismissed without prejudice. He also requested that the NSA be joined as a party and that all parties be sanctioned and enjoined from unlawful activity.

Initially, on September 27, 2013, the District Court denied the motion for reconsideration and declined to take any other action in light of Banks's pending appeal. The District Court subsequently vacated its order of September 27, 2013. The District Court granted Banks's motion for reconsideration in part, "to the extent that [Banks's] case was DISMISSED WITHOUT PREJUDICE, as stated in the Report and Recommendation, which has been adopted as the Opinion of [the District Court]." Order of Oct. 2, 2013. The motion was denied in all other respects. The District Court again noted that no other action was required in light of the pending appeal.

Banks has filed an informal brief in which he lists the number for this case and other appeals. In his brief, he argues that his cases were improperly dismissed because he

was under imminent danger of serious physical injury.[1]  In relation to that claim, he again discusses voice-to-skull technology and harassment.  Citing this case specifically, Banks argues that the District Court erred because the Probation Department, in violation of the duty described at 18 U.S.C. § 3603(3),[2] failed to give him any Second Chance Money and did not help him apply for money from the Urban Redevelopment Association.  He asks that the District Court's order be reversed and the writ of mandamus granted.  He also requests that we declare the National Security Act unconstitutional and order the CIA to release all records related to him and to stop electronically harassing him.  The Appellees present a motion for summary action.

We first must consider the scope of this appeal and the standard of review.  First, we consider whether Banks's appeal is moot.  Initially, in his notice of appeal, Banks asserted that he wished to appeal only from the decision to dismiss his appeal with prejudice.  As noted, that aspect of the order has been vacated.  The order was modified to reflect the District Court's original intent to dismiss the complaint without prejudice to Banks's filing of his complaint in the United States Court of Federal Claims.  However,

---

[1] Banks, who has "three strikes" under the Prison Litigation Reform Act, references, of course, the standard of 28 U.S.C. § 1915(g).  However, because he filed a mandamus petition, he was not required to meet that standard in the District Court or in this Court.  See Madden v. Myers, 102 F.3d 74, 76 (3d Cir. 1996).

[2] "A probation officer shall . . . use all suitable methods, not inconsistent with the conditions specified by the court, to aid a probationer or a person on supervised release who is under his supervision, and to bring about improvements in his conduct and condition."  18 U.S.C. § 3603(3).

in the brief that Banks filed before the Appellees sought summary action, Banks sought additional relief, including reversal of the order. Accordingly, despite the modification to the order that satisfied Banks's initial complaint, we do not conclude that this appeal is moot.

We must also consider whether Banks forfeited issues in his appeal because he did not file objections after the Magistrate Judge warned him that "a party's failure to file timely objections will constitute a waiver of that party's appellate rights." We have the power to craft a rule, subject to certain restrictions, "conditioning appeal, when taken from a district court judgment that adopts a magistrate's recommendation, upon the filing of objections." Thomas v. Arn, 474 U.S. 140, 155 (1985). However, we have declined to impose an outright waiver rule in the absence of objections after a report and recommendation, adopting instead a "qualified forfeiture rule" in some circumstances. See Nara v. Frank, 488 F.3d 187, 195 (3d Cir. 2007) (discussing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987)); see also Leyla v. Williams, 504 F.3d 357, 364-65 (3d Cir. 2007) (providing additional guidance). As it appears that the District Court conducted a de novo review of all the documents filed in the case when it adopted the report and recommendation, we will not impose that rule. See Henderson, 812 F.2d at 878-79 & n.4. However, in light of the failure to object after clear notice of the potential consequences, we exercise plain error review. Cf. Leyla, 504 F.3d at 363. Accordingly, we will reverse an error "only if it was (1) clear or obvious, (2) affect[ed] substantial

5

rights, and (3) seriously affected the fairness, integrity or public reputation of judicial proceedings." Id. (quotation marks and citation omitted).

Upon review for plain error or otherwise, we conclude that no substantial issue is presented on appeal. Accordingly, we will grant the Appellees' motion for summary action. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

The District Court properly dismissed Banks's petition. In his brief, Banks asserts that his petition should have been granted because the Probation Department owed him a duty under 18 U.S.C. § 3603. Although Banks did not note the statute in the District Court, we consider his argument because, liberally construed, his petition, which discusses the duties of probation officers, can be interpreted to include a claim under this statute. However, Banks could not show that it was clear and indisputable that a probation officer's duty to aid under that statute included a duty to give or help him obtain Second Chance Money or Urban Redevelopment Association funds. See Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (setting forth the standard for obtaining mandamus relief). Furthermore, it does not appear that § 3603 provides a private right of action. Cf. Alexander v. Sandoval, 532 U.S. 275, 286, 288 (2001).

To the extent that Banks premised his right to aid from the Probation Department on treaties, it does not appear that he pursues those issues on appeal. However, we note that Banks did not show a clear and indisputable right to relief based on the treaties such that mandamus relief was appropriate. It is not even clear if Banks, who self-identifies as

6

an American Indian, is a member of the Sioux Tribe protected under the Fort Laramie Treaty. <u>See</u> <u>Pablo v. United States</u>, 98 Fed. Cl. 376, 382 n.6 (2011). He did not allege such membership.[3]

In short, because Banks did not show that he was entitled to mandamus relief and otherwise presented claims for damages that are exclusively within the jurisdiction of another court, the District Court did not err in dismissing Banks's case. We will affirm the District Court's judgment (as modified by the District Court). As noted, we grant the Appellees' motion for summary action. We deny Banks's requests for relief.

---

[3] Furthermore, to the extent that Banks included (in addition to his request for mandamus relief) a claim for damages under the "bad men" provision of the treaty, the District Court did not preclude Banks from presenting his claim (or an amended version thereof) against the United States (which, unlike the Probation Department and other defendants, was a signatory to the treaty) in the United States Court of Federal Claims. <u>See</u> 28 U.S.C. § 1491.